THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 19 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| MCGEE )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES )<br>)<br>Respondent ) | CASE NO. 03 C 4618<br><br>THE HONORABLE BLANCHE M. MANNING<br>UNITED STATES DISTRICT COURT JUDGE |

MEMORANDUM OF LAW POINTS AND AUTHORITIES IN
SUPPORT OF SECTION 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Jerome McGee is the petitioner in the above styled case proceeding pro-se and submits his memorandum in support of his 2255 motion.

Petitioner is not an attorney at law nor trained at law and respectfully requests this Court to afford him the same protections that the United States Supreme Court afforded in: <u>Haines vs. Kerner,</u> 404 U.S. 519, 92 S. Ct. 594 (1972).

13

## ISSUES

I. Whether petitioner was denied his right to effective assistance of counsel as guaranteed by the sixth amendment of the federal constitution.

II. Whether petitioner knowingly, voluntarily or intelligently entered into the plea agreement.

III. Whether petitioner was denied equal protection requirements.

IV. Whether petitioner was denied his due process rights and if the government suppressed material information that would have been favorable to his defense.

STATEMENT OF THE CASE

On July 12, 2000, a federal grand jury issued an indictment of 12 counts against Jerome McGee. Count one charged McGee with engaging in a pattern of racketeering, in violation of 18 U.S.C. § 1962(c). Count two charged McGee with conspiring to possess with intent to distribute and to distribute crack cocaine, in violation of 21 U.S.C. § 846. Counts three through eleven charged McGee with attempting to commit extortion under color of official right, in violation of 18 U.S.C. § 1951(a). Count twelve charged McGee with selling a firearm and ammunition to a convicted felon, in violation of 18 U.S.C. § 922(d).

On March 23, 2001, McGee entered a plea of guilty in which he agreed to plead guilty to count 1 of the indictment charging him with engaging in a pattern of racketeering. Among numerous agreements and acknowledgments, the plea agreement states, "Defendant understands the count to which he will plead guilty carries a maximum penalty of life imprisonment...." In addition, the plea agreement sets forth that "Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this agreement." Furthermore, the plea agreement states that the defendant "further understands he is waiving appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of his plea of guilty or the sentence." McGee was represented by counsel throughout the process.

The plea agreement stated the sentencing calculations as follows. The base offense level for Racketeering Act 1(c) was

level 32, pursuant to Guideline 2E1.1(a)(2). The offense level was increased by two levels to level 34 pursuant to 3B1.3 because defendant abused a position of public trust in a manner that significantly facilitated the commission and concealment of the crime. The offense level was reduced by two levels to level 32 pursuant to 2D1.1(b)(6), provided defendant satisfied the criteria set forth in 5C1.2. The offense level was reduced by two levels to level 30 pursuant to 3E1.1 because defendant demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. The offense level was reduced by one level to level 29 pursuant to 3E1.1(a) because defendant provided timely complete information concerning his own involvement in the offense and notified the government timely of his intention to enter a plea of guilty.

On July 13, McGee's motion for downward departure was denied by the District Court. The District Court found McGee's offense level to be 29, and his criminal history category to be 1, in accordance with both the plea agreement and McGee's sentencing memorandum. McGee received the lowest possible sentence in the applicable imprisonment range - 87 months, out of a possible 87-106 months.

4

ARGUMENT

I. Defendant's attorney, James A. Graham negotiated a plea agreement with the government for which defendant plead guilty to count one, engaging in a pattern of racketeering, a violation of 18 U.S.C. § 1962(c) and the government dismissed the remaining eleven counts.

Defendant alleges he was denied effective counsel when counsel's performance was deficient and that defendant was prejudiced as a result.

Defendant alleges:

A. Counsel failed to become familiar with the case or counsel would have challenged the indictment charging at (e)(6) Racketeering Act One, which states:

B. From in or about July 1995 to on or about October 11, 1995, at Robbins and elsewhere, in the Northern District of Illinois, Eastern Division, defendant JEROME MCGEE unlawfully obtained cash payments from individual A and thereby committed the act set forth below, any one of which alone constitutes the commission of Racketeering Act One.

C. Defendant submits that this statement is neither accurate or factual due to the fact that defendant did not receive any cash payments from individual A and did not have any conversation with individual A at anytime during the year 1995. U.S. v. McClure, 546 F.2d 670 (5th cir 1990).

D. Defendant was prejudiced by counsel's deficient performance which permitted the government to fabricate a predisposition between defendant and individual A before individual A became an agent for the government in an attempt to take an "ENTRAPMENT DEFENSE" from the defendant.

E. Defendant was prejudiced by counsel's deficient performance when counsel failed to prepare a meaningful defense and to prepare for a trial by jury when counsel chose to negotiate a fast track plea bargain instead.

F. Defendant was prejudiced when counsel failed to offer effective assistance of counsel when counsel's deficient performance permitted the government the green light when charging the defendant with conspiracy in violation of Title 21, U.S.C., Section 846, when counsel knew or should have known the defendant was entrapped as there was no predisposition and defendant would have been conspiring with an INFORMANT-AGENT!

G. Counsel's performance fell well outside the wide margins of acceptance, reasonable representation by an effective

counsel resulting in the defendant being extremely prejudiced and receiving a much lengthier sentence when counel permitted the federal people and the other law enforcement officers to structure a harsher punishment for the defendant when the agents and informant decided what form of narcotic would be delivered to the informant's driveway at informant's house.

- H. Counsel's deficient performance in negotiation of the "plea agreement" that was filed and docketed March 27, 2001 as docket numbers 000010-000025 contained unfactual statements that was incriminating to the defendant.

- I. Page (9), docket number 000018 refers to a two-way radio provided by the defendant to the informant which was used on May 30, 1996. This statement is untrue as the two-way radio was not used at anytime between the defendant and informant.

- J. Defendant alleges that the indictment was defective on its face as the charges were based on untruthful statements and groundless assertions.

- K. Counsel's deficient performance prejudiced the defendant when counsel knew or should have known that there were unfactual statements contained throughout the plea agreement and by having the defendant admit to conduct that the defendant was not guilty of. This was ineffective assistance of counsel. Wright v. Gramley, 125 F.3d, 1038-1041 (7th cir. 1997); Williams v. Washington, 59 F.3d, 673-679 (7th cir. 1995), Strickland 466 U.S.

II. Defendant did not knowingly, voluntarily or intelligently enter into the plea agreement with the government. Boykin v. Alabama, 395 U.S. (1969); United States v. Henry, 933 F.2d (7th cir. 1991).

- A. Defendant entered into the plea agreement only because the federal people were permitted to dig a deep, dark, black hole supported by groundless, untrue statements regarding the defendant's alleged wrong-doings, with his counsel doing a little less than nothing in protecting him against its erroneous statements. Defendant was basically tricked into accepting the plea agreement.

III. Defendant was denied his equal protection rights guaranteed to him by the 14th amendment of the federal constitution.

- A. At the time of the alleged charged conduct, the defendant was a police officer of Robbins, Illinois. Robbins is a rather small city with the majority of its citizens being African-Americans.

- B. The defendant is an African-American male and alleges that he was targeted and entraped through a scheme generated
6

        by non-black members of the County of Cook Sheriff's Office because the defendant was a black police officer.

IV. Yes, the defendant was denied his due process rights and alleges that the government did suppress material information that would have been favorable to his defense. <u>Brady v. Maryland,</u> 373 U.S. 83, 83 S. ct. 1194, 10 L.Ed.2d 215 (1963).

    A. Page (2), docket no. 00 CR 539 titled "Pre-sentence Investigation Report" at line 40 states that: DEA special agent Jeff Littman? Defendant believes that agent Jeff Littman is an agent of the ATF and not from the DEA.

    B. If agent Jeff Littman is an ATF agent, why is the record misleading one to believe he is DEA?

    C. If agent Jeff Littman is ATF, then why is he conducting narcotic investigations? And by what authority?

    D. The government withheld the material true facts regarding the involvement that the Cook County Sheriff's deputies, task force officers and the ATF had played regarding Robbins police officer Terrance Franklin, officer Cooper and Mr. Lee McKorkin the informant AKA Individual "A".

    E. The government withheld the true factual amount of narcotics involved in this case and the fact that the narcotics were being controlled between agents and informants.

    F. Defendant was prejudiced as the information that was withheld was material evidence that was favorable to the defendant's defense.

    G. The government withheld documents regarding Cook County Sheriff's deputy Lanigan and the other members of the "Task Force" regarding the informant's "Individual A", AKA Lee McKorkin and Terrance Franklin and others.

7

CONCLUSION

Defendant was denied his right to trial by jury when attorney James A. Graham acted in collusion with the government rather than investigate into the allegations that would have proven that the defendant had been setup and entrapped by federal people through Cook County deputies and ATF agents.

The defendant was a victim when federal agents through Cook County Sheriff's deputies used informants through a conspiracy to entrap the defendant.

Defendant's issues do have merit and are not frivolous or intended to hinder the Court and would best be resolved through an evidentiary hearing and appointment of counsel from the federal public defender's office rather than an attorney from a private practice.

Expansion of the record could save the Courts time and revenue once a full discovery could be completed. Raines v. U.S., 423 F.2d, 526, 529-530 (4th cir. 1970); Harris v. Nelson, 394 U.S. 286, 300 (1969).

Undercover agents and their informants engineered and directed the criminal enterprise from start to finish, of entrapping the defendant knowing that the defendant was not predisposed to commit the crimes violating defendant's due process rights.

The informant(s) were clearly acting on behalf of the government before inducing the defendant. The informants were government agents, for purposes of entrapment. U.S. vs. Hollingsworth, 27 F.3d 1196 (7th cir. 1994); U.S. vs. Blassingame, 197 F.3d 271 (7th cir. 1999);

<u>U.S. vs. Gutierrez-Herrera</u>, 293 F.3d 373 (7th cir. 2002); <u>U.S. vs. Mitchell</u>, 915 F.2d 521 (9th cir. 1990); <u>U.S. vs. Tom</u>, 330 F.3d 83 (1st cir. 2003); U.S. vs. Gamache, 156 F.3d 1 (1st cir. 1998).


## VERIFICATION

I, Jerome McGee, hereby state under the penalty of perjury that all of the above and foregoing is true and correct to the best of my knowledge, information and belief.

28 USC 1746

*[signature]*
Jerome McGee
13782-424
Federal Prison Camp
P.O. Box 1085
Oxford, WI. 53952


## CERTIFICATION

I, Jerome McGee, hereby certify that a true and correct copy of the above and foregoing has been sent via the U.S. mails to the United States Attorney for the Northern District of Illinois at 219 South Dearborn Street, Room 500, Chicago, Illinois 60604 with the correct postage prepaid and deposited into the inmate mail system at FPC Oxford on March 15, 2004.

28 USC 1746

*[signature]*
Jerome McGee
13782-424
Federal Prison Camp
P.O. Box 1085
Oxford, WI. 53952


Sent To:

Assistant U.S. Attorney
Jacqueline Stern
219 South Dearborn
U.S. Courthouse, 5th Floor
Chicago, IL. 60604
(312) 353-5329

Trial Counsel

James A. Graham
Attorney at Law
53 West Jackson, Suite 1150
Chicago, IL. 60604
(312) 922-3777