# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4618 | **DATE** | May 13, 2004 |
| **CASE TITLE** | *United States v. McGee* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court DENIES Petitioner Jerome McGee's Section 2255 Motion to Vacate, Set Aside or Correct Sentence [1-1, 5-1, and 13-1]. The Court, having disposed of all of the litigants' claims, directs the clerk of the court to enter a Rule 58 judgment and terminate this case from this court's docket. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 19 2004 | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | date docketed | |
| | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 MAY 19 AM 7:30 | | |
| RTS | courtroom deputy's initials | FILED | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | **Hon. Blanche M. Manning** |
| v. | ) | |
| | ) | 03 C 4618 |
| **JEROME MCGEE.** | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Jerome McGee's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255.[1] For the reasons set forth below, McGee's motion is DENIED.

McGee, a former police officer, pled guilty to one count of racketeering, in violation of 18 U.S.C. § 1692(c), pursuant to a plea agreement, and was sentenced to 87 months incarceration. In exchange for his plea, the Government dismissed eleven other counts against him. On appeal, McGee's attorney sought to withdraw, pursuant to Anders v. California, 386 U.S. 738, (1967), on the grounds that "he could not find any non-frivolous issues to advance on McGee's behalf." United States v. McGee, 36 Fed. Appx. 214, 215 (7th Cir. 2002). Granting the motion to withdraw and dismissing the appeal, the Seventh Circuit held that (1) it lacked jurisdiction to review whether this Court should have departed downward; and (2) this Court gave McGee the proper warnings, pursuant to Federal Rule of Criminal Procedure, before he pled guilty. Id.

---

[1] McGee brings his section 2255 motion pro se.

16

McGee then brought a section 2255 petition challenging his sentence. After granting two extensions of time for McGee to amend his petition, which he failed to do, this Court denied his petition, but granted him a final opportunity to file a memorandum in support of his petition with supporting factual arguments. Following this order, McGee filed a memorandum in support of his petition challenging his sentence on the grounds that: (1) his guilty plea was not made knowingly and voluntarily; (2) he was denied his constitutional right to equal protection; (3) the government suppressed favorable material evidence presumably in violation of Brady v. Maryland, 373 U.S. 83 (1963); and (4) his counsel was ineffective. In response, the Government contends that McGee's petition should be denied because he has: (1) procedurally defaulted on all his claims except the ineffective assistance of counsel claim; and (2) failed to provide facts to support a claim of ineffective assistance of counsel. As explained below, the Court agrees with the Government and denies the petition.

## I.  Procedural Default

Section 2255 is not a substitute for a direct criminal appeal. See Coleman v. United States, 318 F.3d 754, 760 (7th Cir. 2003). Thus, if a petitioner does not raise a claim on direct appeal, that claim is barred from review under section 2255, unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal. See Menzer v. United States, 200 F.3d 1000, 1005 (7th Cir. 1999) (citations omitted).

Here, McGee did not assert his Brady and equal protection claims in his direct criminal appeal to the Seventh Circuit. See McGee, 36 Fed. Appx. at 215. Likewise, he did not attempt to withdraw or vacate his plea on appeal. Id. Accordingly, the Court finds that McGee has procedurally defaulted on these claims.

## II. Ineffective Assistance of Counsel

McGee, however, has not defaulted his guilty plea claim. Because claims of ineffective assistance of counsel usually involve evidence outside the record, such claims are properly brought for the first time in a section 2255 petition. See Gailbraith v. United States, 313 F.3d 1001, 1007-08 (7th Cir. 2002). Accordingly, this Court will address McGee's ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984).

A petitioner bears a "heavy burden in proving that [his] attorney rendered ineffective assistance of counsel." U.S. v. Holland, 992 F.2d 687, 691 (7th Cir. 1993). To prevail on an ineffective assistance of counsel claim, the petitioner must establish that: (1) his attorney's representation "fell below an objective standard of reasonableness"; and (2) his defense was prejudiced by this deficient performance. Strickland, 466 U.S. at 687. The petitioner bears the burden of both proof and persuasion that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment . . . [and] that the deficient performance prejudiced the defense." U.S. v. Davenport, 986 F.2d 1047, 1049 (7th Cir. 1993), quoting Strickland, 466 U.S. at 687. Moreover, the defendant "must identify the acts or omissions . . . that are alleged not to have been the result of professional judgment." Strickland, 466 U.S. at 690. Vague and general allegations will not suffice. United States v. Farr, 297 F.3d 651, 658 (7th Cir. 2002).

When determining whether an attorney's performance was objectively reasonable, courts presume that an attorney employed reasonable judgment and do not second-guess strategic choices. Id. at 659. Counsel is not ineffective merely because he did not raise all possible defenses. St. Pierre v. Walls, 297 F.3d 617, 628 (7th Cir. 2002). "Strategic choices made after

thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland, 466 U.S. at 690-91. The court should not "Monday morning quarterback" by second guessing rational defense decisions and tactics. Farr, 297 F.3d at 658.

To satisfy the prejudice prong, the petitioner must demonstrate that, but for his lawyer's alleged errors, "he would not have pleaded guilty and would have insisted on going to trial." United States v. Fudge, 325 F.3d 910, 923 (7th Cir. 2003). Moreover, the claims of prejudice must be specific; the petitioner cannot simply allege in a "conclusory fashion" that he was prejudiced. United States v. Rosch, 1995 WL 680463, at *3 (N.D. Ill. Nov. 13, 1995). "A mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." Fudge, 325 F.3d at 923. Instead, the defendant must "establish through direct evidence that a reasonable probability exists that he would have gone to trial." Id.

Where a defendant contends that trial counsel was ineffective by failing to raise an entrapment defense, the defendant must point to specific facts which show: "(1) the government induced the crime and (2) lack of predisposition on his part to engage in the criminal conduct." United States v. Carter, 111 F.3d 509, 513 (7th Cir. 1997). Trial counsel need not have raised an entrapment defense if it was without merit. See United States v. Lopeztegui, 230 F.3d 1000, 1003 (7th Cir. 2000)

Here, McGee alleges that his counsel was ineffective because he failed to:

- "become familiar with the case or counsel would have challenged" the racketeering charge and not pursued a plea agreement and allowed McGee to plead guilty to a crime he did not commit;

-4-

- raise the defense of entrapment, when counsel "knew or should have known the defendant was entrapped; and

- object to inaccurate factual statements in the plea agreement, which resulted in McGee receiving a "harsher" sentence.

Unfortunately for McGee, these allegations fail to fulfill either of the two prongs of the stringent test established in Strickland. First, with respect to the alleged inaccuracies in his plea agreement, McGee signed and read his plea and this Court adequately appraised him of the charges and his possible sentence. McGee, 36 Fed. Appx. at 215. Therefore, he cannot now allege that he was prejudiced by any alleged misstatements, to which he only makes general reference. See Aziz v. Litscher, 27 Fed. Appx. 611, 613 (7th Cir. 2001) ("[w]hen a trial court explains the elements of the charge and the consequences of pleading guilty and the defendant acknowledges that he understands, the defendant has suffered no prejudice as a result of the deficient performance of counsel in connection with the guilty plea").

As for failing to raise an entrapment defense, other than general statements, McGee has failed to point to any specific facts to show that this was a viable defense. Thus, it was reasonable to assume that the attorney did not raise an entrapment defense. If the case had gone to trial on all 12 counts, with which McGee was charged, it is reasonable to assume that he would have received a much longer prison sentence. By pleading guilty, McGee was able to receive a sentence of 87 months, which was at the low end of the guidelines. This Court thus finds that McGee was not prejudiced by his attorney's failure to raise an entrapment defense, and therefore, holds that McGee's counsel was not ineffective.

## CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner Jerome McGee's Section 2255 Motion to Vacate, Set Aside or Correct Sentence [1-1, 5-1, and 13-1]. The Court, having disposed of all of the litigants' claims, directs the clerk of the court to enter a Rule 58 judgment and terminate this case from this court's docket. It is so ordered.

ENTER:

<u>Blanche M. Manning</u>
**BLANCHE M. MANNING**
**UNITED STATES DISTRICT COURT JUDGE**

DATE: MAY 1 3 2004